face versus Mattia 24 to 589. Mr. Walk whenever you're ready, take your time. Good morning. I'm David walk representing the appellant. The case I'd like to reserve three minutes for rebuttal. Sure. Thank you. The district court's decision should be reversed because the district court applied the incorrect pleading standard in reviewing the superseding indictment. The court required more detail than the law requires in the superseding indictment. For two primary reasons. First, the court found that the council one through four were deficient because they lacked an allegation that Mr. Mattia himself made a misrepresentation. Mr. Mattia was charged with conspiracy to commit health care fraud and aiding and abetting health care fraud. Neither one requires that he himself made the misrepresentation. And the second, the court also found the indictment allegations insufficient because the court found that there was lacking in detail about exactly how the fraudulent scheme was conducted or how the fraudulent claims were submitted. Could one infer a misrepresentation based on what was written in the indictment? Yes, your honor. You can infer that misrepresentation. Is that enough? The misrepresentation was the prescription itself, which was either it in probably one of two ways and in common parlance as the 8th Circuit said in the Smith case that we cite in a brief. A prescription is a representation that a doctor saw the patient. The doctor decided the patient needs medication. So when the prescription is submitted to the pharmacy, it's happened in this case that representation is made. Or you could also say there's a material omission because there's no statement that didn't happen. In either event, there is a misrepresentation that's made to the pharmacy. The pharmacy fills the prescription based on that misrepresentation and the claim is then paid based on the same misrepresentation. I think it's clear from the allegations of the indictment as well as common sense that if there had been a true representation, the pharmacy would not fill the prescription and as importantly, the pharmacy benefit manager for the company would not have paid for it if the pharmacy benefit manager had known that this was in fact based on an invalid prescription. The indictment alleges that the pharmacy benefit manager only pays based on valid claims. In any definition, any common sense interpretation, a claim based on a prescription that is not in fact for a person who's been seen by a doctor is not a valid prescription. The legal standard is clear and the court will be reviewing this de novo. Indictment only has to state the statutory elements, say the time period. That's this court statement in Hewitt. There only has to be a concise statement of the facts, that's Rule 7c. That's also what the court said in Berggren. And detailed allegations are not required. That's what the Supreme Court said in the Resendez-Ponche case. It's also clear the court must use a common sense reading of the indictment. If you read this indictment with any common sense, it clearly sets forth a classic health care fraud scheme. A claim to get money based on drugs that were prescribed that the doctor never saw the patient for. The indictment identifies the conspirators. It identifies Mr. Mestia, who is the employee of the company but who is a sales representative of the pharmacy. There's a line of our precedent that says a motion to dismiss shouldn't be a vehicle for challenging the sufficiency of the evidence. Are those relevant here? Yes, Your Honor, because I think that's essentially what happened. And in some ways it's tipped off by the cases that the district court cited in support of this decision. Those cases were all sort of post-trial, post-verdict cases dealing with sufficiency of the evidence. In this case, there's no need for us to recite all the evidence in the indictment. This court's precedents are clear. We simply need to give an outline of the crime that was done here. And these details are things that, if they're needed, they are provided in discovery. Or if the court wants to compel details, then the court can grant a motion for a bill of particulars, which was pending in this case, and we can provide that information. So that sort of information does not need to be stated in the indictment, which is only supposed to state a short, concise description of the claim. The indictment here is, and we'll see in some cases like the Resendez-Ponche case, the indictment may be one page or one paragraph. Here, the indictment goes on for several paragraphs, describes the scheme, describes it in, I think, more than adequate detail in order for us to go on to the second stage. The district court's concerns about how it happened, the details, that's really for the discovery or bill of particulars stage. So we believe that the indictment more than sufficiently alleges the elements of the claim. It describes the claim in great detail. The court indicated some, had some question in its opinion about essentially how the claims came to be submitted. We would submit that, first, that's not a requirement, these details about exactly how it happened, who submitted the claim, that's not necessary for the indictment stage. In any event, it's clear from the indictment how it happened. The indictment says that the individual one's prescriptions were filled at the pharmacy and that they were billed and paid for. That means, you know, as a common understanding of how pharmacies and prescription works, individual one went to the pharmacy, gave the prescription to the pharmacist, they filled it, they billed, sent a bill to their prescription benefit manager, who has paid it, and that's alleged in the indictment that was paid, and then the money, the pharmacy gets its money and it gave a share of that payment to Mattia, that was his deal. So, while I don't think much detail is required, I think it's clear from the indictment exactly what happened and how that happened. I think there was, the court has also had some questions about materiality. I think it's clear in this court's precedence, even though the indictment doesn't use the word materiality, that a prescription that is submitted by someone who is not seen by the doctor is clearly material. It's a material, as I said before, either a misrepresentation or a material omission and certainly a sufficient basis for a fraud claim. We have also requested in our brief that the court resolve the issue about medical necessity. The reason we raised that is the court, in a footnote, while it did not base its decision on that ground, it indicated a great amount of concern about the vagueness of the term medical necessity, and so we raised this here to avoid the situation where we go back to the district court, a decision is made on that ground, and then we're back here on a case that they should not merit it. I think the term medical necessity is a common term used in Medicare claims, health insurance claims, health insurance for health care fraud prosecutions around the country. There's nothing vague about it, especially this is just, this is one phrase in an indictment, so we're not talking about the vagueness of the statute itself. At the very least, does it suggest medical exercise of knowledge based on experience and training? Yes, it does, Your Honor, and that's one of the reasons why, you know, it's really not an issue in this case where there was, in fact, no exercise of medical judgment or knowledge, and so there's nothing ambiguous or vague about it in this context, which is really all that we have to consider today. I would submit it's not a vague term generally. There are cases we cite that have held that, but certainly in this context, as Your Honor points out, because the doctor did not even see the patient, it's simply not a question. But so if you win on your main argument, how can we even reach it? Excuse me, Your Honor? Since this wasn't the basis of the decision below, if you win, you know, the sufficiency of the, you know, allegations, the district court didn't rest on this, how can we reach and shoot down something that's lurking in the background? Well, I would say, Your Honor, because the court is reviewing this de novo based on the standard review, the court could find that the indictment, including that allegation, is sufficient to state a claim. So I think would necessarily, you could reach that question, as I say. We raise it partly for judicial economy, so we don't have to be back here on the same issue. We don't need to resolve that issue to resolve this case, right? I don't think, Your Honor, I do not think you need to. And I think if the court decides that the indictment is sufficient to state an offense, I think that should resolve the matter. But we raise the issue. It's a lurking issue in the case. We thought it would be appropriate to address it at this stage. Unless the court has any more questions, I'm done. Thanks. Good morning, Mr. Levy. Good morning. May it please the court, I'm Bruce Levy. I represent Carmen Matia in this matter. And, uh... Levy. Yes. We normally, lots of indictments are just bare bones and recite the statute and the elements. Your friend on the other side says all this stuff should be done by a request for a bill of particulars or something else. Why are we even here on a dismissal of an indictment? I'm biting my lip because Judge Martinotti dismissed it, I guess, was the answer as to why we're here. Why did he dismiss it? Why would a judge dismiss such a thing? In this case, the judge dismissed it because... Well, let me back up a sec. I think if... The elephant in the room here is what Judge Martinotti alluded to in his opinion when he said there is possibly a crime here, which is that Mr. Matia agreed to pay Individual 1 to send prescriptions that he obtained to pharmacies with which he had a financial interest. Knowing that the individual never saw a doctor. Well, that's the issue. Well, it's in the indictment. Well, it is and it isn't. Let me walk through that. What the superseding indictment does is it attempts to sweep that conduct, that is, knowingly paying somebody to send prescriptions to a pharmacy where he's going to financially benefit, tries to sweep that conduct into the health care fraud statutes. And in so doing, you can see in the indictment the nuances in the language that are used to charge this. And what I mean by that is the indictment never just boldly says that Mr. Matia did this knowing full well that Individual 1 was not going to see a doctor and the doctor was going to write the prescriptions. Why does it have to say that? For a conspiracy, all it has to... For a conspiracy, all it has to do is agree, knowing the object of the crime, and for aiding and abetting, the mens rea has to have... Is, again, to achieve the criminal objective. Right, but, Your Honor, respectfully, that's the issue. You never have to know every facet of a scheme in a conspiracy. Let me try and point it out this way. And when... I mean, this U.S. Attorney's Office has a stellar reputation and for good reason. When they want to allege knowledge, they know how to do so, and they know how to do so quite clearly and effectively. And you see that in the conspiracy when they talk about the instruction... Just because they can have done it differently, or maybe more clearly in different indictments, does not answer the question of whether or not this indictment is sufficient. Well, it's not, respectfully, it's not sufficient for several reasons. One is because it relies on the term medical necessity, right? It talks about obtaining prescriptions that are not medically necessary. The judge didn't rely on that. What's that? But the judge didn't rely on that in moving to... in granting your dismissal. Well, he... As I understand Judge Martinotti's opinion, he said several things. One was, there's no scheme or conspiracy here because the indictment does not sufficiently allege a false statement in the claim itself. And the government, in response, as we heard today, and in their briefs, argue, well, it's implied because the prescription was given without actually the doctor seeing the patient. There was no patient relationship and the medications were not medically necessary. But in the record, there are a couple of things there. One is, in the record, we see the government, in oral argument for the district court, says it's irrelevant whether or not these drugs were medically necessary because the patient never saw a doctor. Isn't the sufficiency of an indictment just judged on the indictment? Yes and no. The defendant has a right, under the rules, to know what it is he's supposed to meet at trial. And this alternative theory, alleging medical necessity and then walking away from it saying it's irrelevant, does Mr. Mattia, when he goes to trial, have to call an expert to show the drugs are medically necessary or not? The government's talking out of both sides of its mouth. On the one hand, it is alleging these drugs are not medically necessary. On the other hand, they have said it's not relevant. It's not relevant, they say, because there was a doctor-patient relationship. An allegation that's contradicted by the government on the record and cited in my brief, I think it's A-168, where the government acknowledged that there was some cursory interaction between the doctor and individual one. So does that mean there was no patient relationship? Again, detailed allegations may not be required under the law, but as Judge Martinotti, I think, correctly pointed out, more is required here. What more? What more would the government have to allege in this indictment to satisfy you? Well, for example, when we talk about doctor-patient relationship, what does that mean? You can't tell from reading the superseding indictment. Did individual one ever see the doctor? Ever? Did individual one, in terms of medical necessity, actually have a condition for which this medication... Why isn't that all a matter for a bill of particulars? Well, it may very well be, I concede. However, the government had the... There was a motion for a bill of particulars. The government certainly had ample opportunity to respond to that or provide additional information, either in response to the motion or in discovery, and the government chose not to. I submit respectfully, and I would challenge the government in rebuttal to answer your question as to what would be in a bill of particulars. I submit because there's no there there. And if I could just get into the nuance of the language. You see in the conspiracy, as alleged in the manner and means portion, some nuances in the language. When the government wants to allege knowledge, they use language, as you see in the obstruction count, where they talk about, as the defendant then and there well knew, something was not done. Right? There's a very specific allegation that Mr. Mattia knew something. But here in the healthcare fraud part, you see, for example, in paragraph... Well, first of all, in the goals of the conspiracy, medical necessity is not even mentioned. It talks about there being a goal of the conspiracy for Mr. Mattia and others to fraudulently obtain money and cause the submission of individual one's false and fraudulent claims for compounded medications, and by receiving a portion of the money from the company paid for those compounded medications. So by the government's own allegations, the goal of conspiracy did not involve obtaining medically unnecessary prescriptions or there being no doctor-patient relationship. You further see in the language, they don't say that he then and there well knew that individual one was going to obtain medically unnecessary prescriptions. It doesn't say that. It says that he caused individual one to receive medically unnecessary prescriptions. That's in paragraph 4D. In paragraph 4E, it talks about him persuading individual one to obtain compounded prescriptions. And that has to do with the sole purpose of receiving money from his pharmacies. Again, it doesn't say that it's not alleged that Mr. Mattia knew that these things were going to happen. I recognize your point about conspiracy, that if you conspired to do one thing, you're sort of your brother's keeper and you're responsible for other criminal acts. But in this case, all that's specifically alleged, and again, I recognize that detailed allegations are not necessarily required, but more is required here because all that you can glean legitimately or reasonably from the indictment is that Mr. Mattia agreed to pay individual one to send prescriptions to his pharmacy. There's no specific allegation in here that Mr. Mattia was aware of these other aspects of the alleged scheme or conspiracy. There's nothing tied. Paragraph F of the means says defendant Mattia secured and caused to be secured the signature of Agresti on prescription formulas without Agresti and individual one having a doctor-patient relationship. So that's not enough? Respectfully, Your Honor, it's not because there's nothing, the government concedes an oral argument that all of Mr. Mattia's interactions were with individual one. How and under what circumstances he caused a signature to be obtained from an alleged co-conspirator he's never met or interacted with is not explained. And here you see, it doesn't allege- Why does it have to be explained? Well, he needs to know what it is he's supposed to defend at trial, Your Honor, respectfully. That sounds like a great defense. Well, thank you, but I don't think the goal of an indictment is to have a great defense at trial. The goal of the indictment- To provide you with a layout of the government's evidence so you can challenge the sufficiency of the evidence. Well, not in the indictment, but at trial, but that's the point. Is this reasonable notice- Why isn't this a sufficiency of the evidence dressed up in a motion to dismiss? Because it has to do with, again, there's nothing, there's no allegations here that tie Mr. Mattia to either the medical necessity of the prescriptions or the fact that there was no doctor-patient relationship. And then you add on top of that what Judge- I'm sorry- I'm in trouble about why the language in paragraph F doesn't carry the day. Let me put it this way. Had the language in paragraph F used similar language that you see in paragraph H, I don't think I'd have much of an argument. In other words, if it said that Mr. Mattia then and there well knew that Dr. Agresti was writing prescriptions without seeing patients when they weren't medically necessary, I would concede that that would- I wouldn't be able to stand here and tell you that this is insufficient. But they didn't do that. And I'm submitting that's because the bill in particular is not going to help. I don't think we're going to see a bill in particular that's going to say that Mr. Mattia then and there well knew that these things were going to happen. And I would challenge the government on rebuttal to say differently. But I respectfully submit that had the government had that kind of information, it either would have appeared in motion papers or it would have appeared in discovery or they would have avoided us being here today. So that's why I think paragraph F doesn't carry the day for the government at the end of the day. I'm not sure how much time I have left. Four plus. I'd rather use that time addressing concerns and questions. But if there are none, I have a couple of things to add. I was going to add where you ended with Mr. Walke, which is no, I don't think you have to reach the issue of medical necessity. I think there's unanimity on that issue. I think you can decide this case without reaching that. And at the end, I would just conclude by saying that as Judge Martinelli found, there's not only no allegations of the statement being false, but as the government has argued in terms of there being an implied false statement, that may be, but again, that's not alleged in the indictment itself. So I would submit that ultimately, Judge Martinelli got it right. And that, again, detailed allegations are not required. But on these allegations, more is required. And for that reason, these should be affirmed. Thank you. I'll be very brief since my friend, Mr. Levy, just made the challenge as far as one thing, although it's not essential and I think probably not even relevant as far as to deciding the motion to dismiss. I can tell you that the record shows that we did provide lots of information to the defense. This is on page 85 and 86 of the appendix. And our opposition to the motion to dismiss and request for bill in particular is it recites what was provided to the defense, including a reverse proffer, a lot of witness interviews. And on page 135 of the appendix, the prosecutor said that she had provided everything in her file that was discoverable. So to the extent that's a concern, again, it's not an essential factor in ruling on the motion to dismiss. Information was provided and I would submit the indictment here was clearly sufficient for the case to move forward to the stage of discovery, bill of particulars if necessary, and then to trial. Unless anyone has any questions, I'm done. Thank you. Gentlemen, thank you for your briefs and your arguments. We will take this matter under advice.